PEOPLE v PERRYMAN

Docket No. 99436. Submitted November 19, 1987, at Detroit. Decided
March 9, 1988.

   Roosevelt Perryman was charged and convicted in Oakland Cir-
   cuit Court of larceny of property with a value of over $100 and
   of being a fourth-offense habitual offender. The trial judge,
   Hilda Gage, J., agreed to delay sentencing conditioned upon
   placement of defendant in an inpatient drug rehabilitation
   program. Defendant was housed in the county jail until an
   opening in the program occurred, whereupon he was released
   on personal bond and placed in the program. Defendant left the
   treatment center without permission, thereby breaching both
   the condition of his delayed sentence and of his bond. Defen-
   dant was sentenced on the underlying convictions. Defendant
   was also charged with violation of the statute which makes it a
   felony to "abscond on or forfeit a bond given in any criminal
   proceedings wherein a felony is charged" and with being a
   fourth-offense habitual offender. Defendant was convicted on
   his pleas of guilty of the supplemental absconding and habitual
   offender charges. Defendant appealed, claiming that the ab-
   sconding statute applies only to bonds given to persons await-
   ing trial and does not apply to bonds given as part of the
   sentencing process.

   The Court of Appeals *held:*

   The clear intent of the Legislature in passing the absconding
   statute was to insure the presence of criminal accuseds at court
   proceedings so that the judicial process would not be impeded.
   The statute was not intended to apply to bonds given as part of
   the sentencing process.

   Reversed and remanded.

BAIL — BONDS — ABSCONDING — SENTENCING.

   A person who fails to honor the conditions of a bond given to
   secure his release from jail so that he might enter a drug
   rehabilitation program as a condition of an order of delayed

REFERENCES
Am Jur 2d, Bail and Recognizance § 61.
"Bail jumping" as independent criminal offense. 91 ALR2d 1288.

sentencing may not be charged and convicted under the statute making it a felony to abscond or forfeit a bond in a criminal proceeding where a felony is charged, since that statute is applicable only to a bond given by a person charged and awaiting trial on a felony and not to a person who has already been convicted and obtained a bond as part of the sentencing procedure (MCL 750.119a; MSA 28.396[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lynn Rose,* for defendant.

Before: MacKenzie, P.J., and Doctoroff and P. J. Clulo,* JJ.

Per Curiam. In this case of first impression, defendant appeals as of right from his plea-based convictions of absconding and forfeiting bond in a criminal proceeding, MCL 750.119a; MSA 28.396(1), and being a fourth-offense habitual offender, MCL 769.12; MSA 28.1084. Defendant was sentenced to one year in the county jail, the sentence to be served concurrently to the sentence he was then serving. On appeal, defendant claims that his convictions should be overturned, since the absconding and forfeiting statute applies only to persons charged with a felony and awaiting trial and not to those, such as himself, who had already been convicted and obtained a bond as part of their probationary sentence. We agree and reverse defendant's convictions.

A brief recitation of the facts is necessary to fully understand the legal issue raised. At the time defendant was charged with the instant offenses,

* Circuit judge, sitting on the Court of Appeals by assignment.

he had already been convicted of larceny over $100 and of being a fourth-offense habitual offender and had been placed in a drug rehabilitation program. The trial judge had agreed to delay sentencing conditioned on defendant's placement in and completion of an inpatient drug rehabilitation program. Defendant had been housed in the county jail until there was an opening at the drug rehabilitation center, at which time he was released on personal bond and placed in the program. Defendant was charged with the instant offenses after he left the program center without permission. As a result of having breached the conditions of his delayed sentence, defendant's sentencing on the underlying convictions was advanced and he was sentenced to one year in the county jail. The instant charges followed.

The absconding and forfeiting statute, MCL 750.199a; MSA 28.396(1), states:

> Any person who shall abscond on or forfeit a bond given in any criminal proceedings wherein a felony is *charged* shall be deemed guilty of a felony. [Emphasis supplied.]

It is the fundamental rule of statutory construction that ordinary words are given their plain and ordinary meaning. When a statute is clear and unambiguous, judicial construction is not permitted. *In re Contempt of Stone,* 154 Mich App 121; 397 NW2d 244 (1986).

We believe that the use of the word "charged" in the statute evidences the Legislature's intent to limit the statute to cases in which charges are pending and a defendant is awaiting trial. This belief is consistent with our holding in *People v Litteral,* 75 Mich App 38, 43-44; 254 NW2d 643 (1977), where we concluded that the purpose of the

statute was to prevent defendants from delaying judicial proceedings on pending charges:

> This statute was enacted to ensure that criminal defendants not impede the judicial process by failing to be present at court proceedings. The problem was serious enough that the Legislature made such a violation a felony. Whether a defendant is a totally irresponsible person, who recklessly and foolishly fails to make himself available while felony charges are pending against him, or actively and intentionally flees the pursuit of the law should make little difference under the statute. [Emphasis supplied.]

While the issue in *Litteral* concerned the intent required under the statute, the case is still relevant to the instant issue.

In the present case, defendant had already been charged and convicted at the time the instant charges were lodged against him. Thus the statute did not pertain to him. Consequently, both defendant's conviction of absconding and forfeiting and of being a fourth-offense habitual offender are reversed.

Our disposition renders moot defendant's second issue: whether the prosecutor abused his discretion in charging defendant as a fourth-offense habitual offender. Nonetheless, we do not hesitate to inform the prosecutor that we share the trial judge's feelings as expressed at the time defendant entered his guilty plea:

> *The Court:* You're attaching an habitual fourth to the absconding?
> *The Prosecutor:* That's correct, your Honor.
> *The Court:* All right.
> *Defense Counsel:* It's the old beating of the dead horse.

*The Court:* It's incredible. It's just incredible.

Reversed and remanded for dismissal of the charges lodged against defendant.