PEOPLE v PERRYMAN

Docket No. 83651. Decided April 19, 1989. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for further proceedings.

Roosevelt Perryman pled guilty in the Oakland Circuit Court, Hilda R. Gage, J., of absconding on bond and of being an habitual offender, fourth offense. The Court of Appeals, MAC-KENZIE, P.J., and DOCTOROFF and P. J. CLULO, JJ., reversed in an opinion per curiam, holding that the absconding and forfeiting statute applies only to defendants charged with a felony and awaiting trial and not to persons, such as the defendant, who had already been convicted of a felony and who had been released on bond pending delayed sentencing as part of a drug rehabilitation program (Docket No. 99436). The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY, and Justices BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, the Supreme Court *held:*

The absconding statute may be applied to a defendant who has been convicted of a felony and released on bond pending delayed sentencing. The term "charged" in the absconding statute extends to postconviction proceedings; the statute was enacted to ensure that criminal defendants not impede the judicial process by failing to be present at court proceedings, including sentencing.

Vacated and remanded.

Justice LEVIN would not peremptorily reverse, but would grant leave to appeal.

167 Mich App 269; 421 NW2d 660 (1988) reversed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lynn Rose* for the defendant.

PER CURIAM. This case requires that we determine the meaning of the following emphasized language contained in MCL 750.199a; MSA 28.396(1):

> Any person who shall abscond on or forfeit a bond given in any *criminal proceedings wherein a felony is charged* shall be deemed guilty of a felony.

The specific question is whether the statute may be applied to a defendant who has been convicted of a felony and released on bond pending delayed sentencing. We hold that it may.

I

Defendant was convicted in a prior proceeding of larceny over $100,[1] and of being an habitual offender, fourth offense.[2] The trial judge agreed to delay sentencing in order to give defendant an opportunity to complete a residential drug rehabilitation program. Defendant remained in jail until he secured admission to such a program. He was then released on personal bond.

Defendant fled from the drug rehabilitation program, resulting in the filing of the present information charging absconding on bond[3] and a supplemental information for being an habitual offender, fourth offense. Defendant pled guilty to both and was sentenced to one year in jail.

Defendant appealed in the Court of Appeals, which reversed. 167 Mich App 269; 421 NW2d 660 (1988).[4] Plaintiff has filed a delayed application for leave to appeal in this Court.

---

[1] MCL 750.356; MSA 28.588.

[2] MCL 769.12; MSA 28.1084.

[3] MCL 750.199a; MSA 28.396(1).

[4] The Court denied a motion for rehearing filed by plaintiff.

II

Defendant's first argument on appeal in the Court of Appeals was that the term "charged" in the absconding statute indicates that the Legislature intended to limit the statute to cases in which the charges are pending, prior to conviction.[5]

The Court of Appeals was persuaded by defendant's argument:

> We believe that the use of the word "charged" in the statute evidences the Legislature's intent to limit the statute to cases in which charges are pending and a defendant is awaiting trial. This belief is consistent with our holding in *People v Litteral*, 75 Mich App 38, 43-44; 254 NW2d 643 (1977), where we concluded that the purpose of the statute was to prevent defendants from delaying judicial proceedings on pending charges:
>
> "This statute was enacted to ensure that criminal defendants not impede the judicial process by failing to be present at court proceedings. The problem was serious enough that the Legislature made such a violation a felony. Whether a defendant is a totally irresponsible person, who recklessly and foolishly fails to make himself available while felony charges are pending against him, or actively and intentionally flees the pursuit of the law should make little difference under the statute."
>
> While the issue in *Litteral* concerned the intent required under the statute, the case is still relevant to the instant issue.
>
> In the present case, defendant had already been charged and convicted at the time the instant charges were lodged against him. Thus the statute did not pertain to him. Consequently, both defendant's conviction of absconding and forfeiting and

---

[5] Defendant raised a second argument questioning the prosecution's exercise of its charging discretion. The Court of Appeals did not decide this issue in light of its decision on the first issue. Our action today makes it necessary for that Court to decide the second issue.

of being a fourth-offense habitual offender are reversed. [167 Mich App 271-272.]

In its application to this Court, plaintiff argues that the statute applies even after conviction for so long as a defendant is required to respond to judicial process.

### III

In determining the meaning of language in a statute, the question is, What is the sense intended by the Legislature? "[T]his is to be determined from the context, and the apparent object of the provision, as indicated by the nature of the case and other statutes in *pari materia." People v McKinney,* 10 Mich 54, 84 (1862). We believe that plaintiff has the better argument for two reasons. First, the terminology of the absconding statute is similar to that of other statutes providing for admission to bail after conviction. Second, the purpose of the statute extends to postconviction proceedings. For the purpose of convenience, we repeat the applicable language of MCL 750.199a; MSA 28.396(1):

> Any person who shall abscond on or forfeit a bond given in any criminal proceedings wherein a felony is charged shall be deemed guilty of a felony.

### A

The statute was enacted as an amendment of the Michigan Penal Code in 1949 PA 94. It was placed by the Legislature in chapter xxxii of the code, which deals with escapes from and breaking

jails and prisons. No prior section of chapter XXXII dealt with absconding from bond.

When the absconding statute was enacted, there were numerous provisions of the Code of Criminal Procedure dealing with bail and bond. See, generally, chapter V. Most pertinent to this appeal are two sections contained in chapter X of the Code of Criminal Procedure, dealing with admission to bail pending postconviction proceedings in this Court.[6] MCL 770.8; MSA 28.1105 provided:[7]

> During the time between judgment and the decision of the supreme court or any justice thereof on the application for a writ of error under this act, the trial judge may, in his discretion, admit the defendant to bail, if the *offense charged is bailable.* [Emphasis added.]

MCL 770.9; MSA 28.1106 provided:[8]

> Upon granting application for a writ of error the appellant may, in the discretion of the supreme court or any justice thereof, be admitted to bail, if the *offense charged* be bailable. [Emphasis added.]

---

[6] Different provisions govern a defendant's right to admission to bail pending an appeal by the prosecution, MCL 770.12; MSA 28.1109 and MCL 765.7; MSA 28.894.

[7] The current language of MCL 770.8; MSA 28.1105 is:

> During the time between the trial court judgment and the decision of the court to which an appeal is taken, the trial judge may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter.

[8] The current language of MCL 770.9; MSA 28.1106 is:

> During the pendency of an appeal or application for leave to appeal, a justice or judge of the court in which the appeal or application is filed may admit the defendant to bail, if the offense charged is bailable and if the offense is not an assaultive crime as defined in section 9a of this chapter.

The decision of the Court of Appeals turns on that Court's conclusion that the Legislature would not have used the word "charged" in reference to postconviction proceedings. However, the then-contemporary statutes used that very term to authorize bail on postconviction appeal.

Statutes relating to the same topic are said to be in pari materia. "It is the rule that in the construction of a particular statute, or in the interpretation of its provisions, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law, although enacted at different times, and containing no reference one to the other." *Detroit v Michigan Bell Telephone Co,* 374 Mich 543, 558; 132 NW2d 660 (1965).[9] Statutes authorizing admission to bail on appeal were in existence at the time the absconding statute was passed. Those statutes used the term "charged" to refer to postconviction proceedings. We conclude that the term "charged" in the absconding statute also extends to postconviction proceedings.[10]

[9] Contrast the situation where the statutes provide differing definitions of the same term. *People v Smith,* 423 Mich 427; 378 NW2d 384 (1985).

[10] The statutes discussed in the text are not the only such references to "charged." Section 2 of the Uniform Criminal Extradition Act, MCL 780.2; MSA 28.1285(2), requires the Governor of Michigan to "have arrested and delivered up to the executive authority of any other state of the United States any person *charged* in that state with treason, felony, or other crime, who has fled from justice and is found in this state." (Emphasis supplied.) This language implements the extradition clause of US Const, art IV, § 2: "A Person *charged* in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." (Emphasis supplied.) As early as *Drinkall v Spiegel,* 68 Conn 441; 36 A 830 (1896), courts have held that the "charged" language of extradition statutes permitted their application to parole violators and other persons on postconviction status who had not yet completed their sentences. More recent cases reaching the same conclusion are *Hidalgo v Purcell,* 6 Or App 513; 488 P2d 858 (1971), and *Sloss v Sheriff*

B

The Court of Appeals was correct when it stated in *People v Litteral, supra* at 43, "[The absconding] statute was enacted to ensure that criminal defendants not impede the judicial process by failing to be present at court proceedings."[11] In this case, defendant had not yet been sentenced. Sentencing is a court proceeding. One of the purposes of the bond was to assure that defendant would be present for a sentencing hearing at which the trial court would review his progress during the delay in sentencing.

Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and remand the case to that Court for consideration of the other issue raised by defendant there.

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

LEVIN, J. I would not peremptorily reverse the judgment of the Court of Appeals (see *Olden v Kentucky*, 488 US —, —; 109 S Ct 480; 102 L Ed 2d 513, 521 [1988] [Marshall, J., dissenting]), but would grant leave to appeal.

*of Leavenworth Co,* 7 Kan App 2d 702; 648 P2d 255 (1982). See also *Anderson v Corall,* 263 US 193; 44 S Ct 43; 68 L Ed 247 (1923).

[11] This case does not require us to consider whether the statute's purpose might extend beyond judicial proceedings.