PEOPLE v PERRYMAN (ON REMAND)

Docket No. 117451. Submitted May 15, 1989, at Lansing. Decided August 9, 1989.

Roosevelt Perryman pled guilty in the Oakland Circuit Court, Hilda R. Gage, J., of absconding on bond and of being an habitual offender, fourth offense. The Court of Appeals reversed, holding that the absconding statute applies only to defendants charged with a felony and awaiting trial and not to individuals, such as defendant, who have already been convicted of a felony and are released on bond pending delayed sentencing. 167 Mich App 269 (1988). The Supreme Court granted the people leave to appeal, vacated the judgment of the Court of Appeals, and remanded the case, holding that the absconding statute may be applied to a defendant who has been convicted of a felony and released on bond pending delayed sentencing. 432 Mich 235 (1989).

On remand the Court of Appeals held:

1. Since the absconding statute extends to postconviction proceedings, defendant's conviction for absconding on bond is affirmed.

2. By itself, the supplemental charge against defendant does not constitute prosecutorial vindictiveness amounting to misconduct.

Affirmed.

1. BAIL — BONDS — ABSCONDING — CRIMINAL LAW.

The statute which makes it a felony to abscond or forfeit a bond in a criminal proceeding where a felony is charged may be applied to a defendant who has been convicted of a felony and released on bond pending delayed sentencing (MCL 750.199a; MSA 28.396[1]).

2. CRIMINAL LAW — PROSECUTORIAL MISCONDUCT.

Questions of prosecutorial misconduct are decided on a case-by-case basis.

REFERENCES
Am Jur 2d, Bail and Recognizance § 61.
State statutes making default on bail a separate criminal offense. 63 ALR4th 1064.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lynn Rose,* for defendant on appeal.

ON REMAND

Before: MacKENZIE, P.J., and DOCTOROFF and SAWYER, JJ.

PER CURIAM. This case reappears before us on remand from the Supreme Court, *People v Perryman,* 432 Mich 235; 439 NW2d 243 (1989). The Supreme Court vacated our previous opinion, 167 Mich App 269; 421 NW2d 660 (1988), and remanded the case to this Court for a redetermination of the issue related to the absconding.

The question in this case is whether the language in MCL 750.199a; MSA 28.396(1) that "any person who shall abscond on or forfeit a bond given in any criminal proceedings wherein a felony is charged shall be deemed guilty of a felony" applies to defendants who are out on bond after conviction but before sentencing. In our previous opinion we held that it did not and reversed defendant's conviction for absconding on bond.

The Supreme Court held in *Perryman, supra,* that the absconding statute may be applied to a defendant who has been convicted of a felony and released on bond pending delayed sentencing. Since the absconding statute extends to postconviction proceedings, we affirm defendant's conviction for absconding and forfeiting bond.

We turn now to the issue raised in defendant's

original brief on appeal, that the prosecution abused its discretion in charging defendant as an habitual offender, fourth offense. MCL 769.13; MSA 28.1085 states that "[i]f after conviction and either before or after sentence it appears that a person convicted of a felony has previously been convicted of crimes . . . the prosecuting attorney . . . may file a separate or supplemental information . . . ." Questions of prosecutorial misconduct are decided on a case-by-case basis. *People v Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988). While we acknowledge that the trial court expressed concern over the habitual-offender charge, we cannot say that the adding of a supplemental charge, by itself, constitutes prosecutorial vindictiveness. See *People v Goeddeke,* 174 Mich App 534, 537; 436 NW2d 407 (1989). We therefore find no error in the supplemental charge.

Affirmed.