431 P.2d 750

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Manuel VERDUGO, Defendant-Appellant.**
**No. 8365.**

Supreme Court of New Mexico.
Sept. 11, 1967.

John M. Lenko, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

The appellant entered pleas of guilty to charges of burglary and conspiracy to sell a narcotic drug and was thereupon sentenced on these charges. Later he was charged as an habitual offender and, upon his plea of guilty, was sentenced as an habitual offender. Subsequently, he filed a motion under Rule 93, § 21–1–1(93), N.

M.S.A.1953, to vacate the latter sentence. On April 15, 1966, the court granted his motion, vacated the sentence imposed and then resentenced the appellant in his absence on the original charges.

This appeal questions the validity of resentencing the appellant when he was not physically present in court. It is well settled that at common law a convicted person has a right to be present at the time of sentencing, independent of any constitutional or statutory grant of such right. See Ball v. United States, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Joseph v. State, 236 Ind. 529, 141 N.E.2d 109, 69 A.L.R.2d 824, cert. dismissed 359 U.S. 117, 79 S.Ct. 720, 3 L.Ed.2d 673; State v. Pope, 257 N.C. 326, 126 S.E.2d 126; 21 Am.Jur.2d, Criminal Law, § 304; and 5 Wharton's Criminal Law and Procedure (1967 Supp.) § 2010.

The state seeks, however, to distinguish this case from the application of the common-law rule by contending that since the defendant had been present when the original sentence was imposed, his presence was not required upon resentencing after the habitual sentence had been vacated. We fail to appreciate the claimed distinction. When a sentence has been set aside, the defendant's presence is as necessary at resentencing as it was at the time of the original sentencing. 21 Am.Jur.2d, Criminal Law, § 307, and 24 C.J.S. Criminal Law § 1591. While the cases cited by these sources base their reasoning somewhat upon statutory provisions that require the defendant's presence at the time of sentencing, e.g., Williamson v. United States, 265 F.2d 236 (5th Cir.1959), and State ex rel. Boner v. Boles, 148 W.Va. 802, 137 S.E.2d 418, the reasoning seems just as applicable here where the right to be present at the sentencing arises from the common law itself rather than from statutes reflecting the common law.

Accordingly, we hold that the sentence imposed upon the appellant must be vacated and the cause remanded to the dis-

trict court so that sentence may be passed on the appellant in his presence.

 We note also the second point in this appeal. Appellant contends that the trial court never accepted his plea of guilty to the conspiracy charge and therefore was without jurisdiction to pass sentence upon him. The record does not support this contention. The record reflects that the trial court made inquiry of appellant, while accompanied by his counsel, as to his plea and he answered, "Guilty." Appellant was then sentenced. We think it is obvious that the plea was accepted. The point is without merit.

The cause is remanded for imposition of a new sentence only.

It is so ordered.

CHAVEZ, C. J., and SPIESS, J., Court of Appeals, concurs.