■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH WALKER, Appellant. — Judgment of the Supreme Court, New York County (Herman Cahn, J.), rendered on November 12, 1981, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree and sentencing him to three concurrent terms of imprisonment of 5 to 10 years, is reversed, on the law, and the matter remanded for a new trial.

Pursuant to an indictment filed on December 4, 1979, the defendant and his brother were charged with a number of drug-related offenses arising out of a routine "buy and bust" sale of heroin to an undercover officer. A pretrial conference was eventually held in connection with this case on February 26, 1981. The defendant and his counsel were both present. The court stated that since the defendant's brother had not been informed of the trial date, the trial could not proceed. The People, declaring that they were ready for trial against the defendant, moved for a severance. The motion was granted, and the court marked the matter ready for trial, sending it out to a trial part "forthwith". When the defendant did not appear in the trial part, the defense attorney requested an adjournment. The court denied the application and recessed the case until after lunch. However, the defendant could not be found, and he also failed to show up the following day. A hearing was thereupon conducted to determine if the defendant could be tried *in absentia.* The defense attorney disclaimed any knowledge of the defendant's whereabouts. The prosecutor testified that he had overheard court officers advising the defendant as to the location of the trial part. According to the prosecution, a series of telephone calls to police department central booking offices, hospitals, the morgue and the warrant squad had been unavailing. The court then

concluded that the defendant's absence was voluntary and directed that the trial go forward. The defendant's lawyer made several unsuccessful attempts to be relieved as counsel, asserting that he could not, under the circumstances protect his client's rights, and he declined to participate in the proceedings. At the conclusion of the trial, the jury convicted the defendant of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree. He was subsequently apprehended and although present at his sentencing, he refused to make any statement.

It is defendant's contention that he was denied a fair trial when he was tried in his absence and that there is no indication that he knowingly, voluntarily and intelligently waived his right to be present. The Court of Appeals, in *People v Parker* (57 NY2d 136), has held that while this right may be waived, it is of such a fundamental constitutional nature that the validity of any waiver must be measured according to constitutional standards. As the court stated (p 141): "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial".

Moreover, even where the trial court has found that a defendant has so waived his right to be present, trial *in absentia* is not automatically authorized. "Rather, the trial court must exercise its sound discretion upon consideration of all appropriate factors, including the possibility that defendant could be located within a reasonable period of time, the difficulty of rescheduling trial and the chance that evidence will be lost or witnesses will disappear * * * In most cases the simple expedient of adjournment pending execution of a bench warrant could provide an alternative to trial *in absentia* unless, of course, the prosecution can demonstrate that such a course of action would be totally futile." (*People v Parker, supra,* at p 142.) Only in certain very limited instances, all of which are distinguishable from the situation herein, has a defendant been deemed to have waived his right to be present at trial. (See *Taylor v United States,* 414 US 17; *United States v Tortora,* 464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063; *People v Epps,* 37 NY2d 343, cert den 423 US 999; *People v Johnson,* 37 NY2d 778; *People v Byrnes,* 33 NY2d 343.)

In the *instant* matter, the record does not contain any indication that the defendant was ever notified, or that he was otherwise aware, that his trial would proceed in his absence. The court, moreover, made no finding that the defendant knew what

the consequences would be if he failed to appear. Therefore, it cannot be said that any waiver, however voluntary it may have been, was intelligently and knowingly made. Thus, applying the standards set forth by the Court of Appeals in *People v Parker* (*supra*), the trial court was not warranted in proceeding in the defendant's absence, and he is entitled to a new trial. Concur — Sandler, J. P., Sullivan, Carro, Milonas and Alexander, JJ.