PEOPLE v FREYBLER

Docket No. 105027. Submitted October 6, 1988, at Grand Rapids. Decided December 6, 1988.

Louis Paul Freybler, Jr., was convicted of first-degree criminal sexual conduct and was permitted to remain free on bond while awaiting sentencing, Kent Circuit Court, George V. Boucher, J. Defendant failed to appear for sentencing, subsequently pled guilty to attempted absconding on bond, and was sentenced to concurrent prison terms of three to fifteen years for criminal sexual conduct and sixteen to twenty-four months for attempted absconding on bond. Defendant appealed, claiming that the absconding statute only applies to persons awaiting trial on felony charges, and not to those who have already been convicted.

The Court of Appeals *held:*

The absconding statute applies to felony cases regardless of whether charges are pending or the defendants have been convicted.

Affirmed.

CRIMINAL LAW — BAIL — ABSCONDING ON BOND.

The statute which provides that a person who shall abscond on or forfeit a bond given in any criminal proceeding wherein a felony is charged is guilty of a felony applies to those awaiting trial as well as to those who have already been convicted but are yet to be sentenced.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Howard & Quinn, P.C.* (by *Michael B. Quinn*), for defendant on appeal.

REFERENCES

Am Jur 2d, Bail and Recognizance § 61.

State statutes making default on bail a separate criminal offense. 63 ALR4th 1064.

Before: DANHOF, C.J., and HOOD and R. L. OL-
ZARK,* JJ.

PER CURIAM. Defendant was convicted of crimi-
nal sexual conduct in the first degree, MCL
750.520b; MSA 28.788(2) (CSC I). He was permitted
to remain on bond pending sentencing. Defendant
failed to appear for sentencing on the CSC I convic-
tion. Defendant pled guilty to attempted abscond-
ing on bond, MCL 750.199a; MSA 28.396(1) and
MCL 750.92; MSA 28.287. Defendant was sen-
tenced to sixteen to twenty-four months in prison,
to be served concurrently to his three- to fifteen-
year CSC I sentence. Defendant appeals as of right
claiming that the absconding statute did not apply
to a person, such as himself, who had been con-
victed of the underlying offense. We affirm.

The absconding on or forfeiting bond statute
provides in relevant part: "Any person who shall
abscond on or forfeit a bond given in any criminal
proceedings wherein a felony is charged shall be
deemed guilty of a felony." MCL 750.199a; MSA
28.396(1).

In a case of first impression, a panel of this
Court recently found that the word "charged" in
the above-quoted absconding statute evidenced the
Legislature's intent to limit the statute to cases in
which charges are pending and a defendant is
awaiting trial. *People v Perryman,* 167 Mich App
269, 271; 421 NW2d 660 (1988). We disagree with
*Perryman*'s interpretation of the absconding stat-
ute.

If a statute is unambiguous on its face, we will
avoid further interpretation or construction of its
terms. However, if ambiguity exists, it is our duty
to give effect to the intention of the Legislature in
enacting the statute. To resolve a perceived ambi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guity, we look to the object of the statute, the evil or mischief which it is designed to remedy, and apply a reasonable construction which best accomplishes the statute's purpose. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc,* 139 Mich App 249, 253; 361 NW2d 785 (1984), lv den 422 Mich 947 (1985).

The Legislature enacted the absconding statute to ensure that criminal defendants do not impede the judicial process by failing to be present at court proceedings. The problem was serious enough that the Legislature made such a violation a felony. *People v Litteral,* 75 Mich App 38, 43; 254 NW2d 643 (1977). The failure of criminal defendants to be present at sentencing proceedings impedes the judicial process. However, it would be unreasonably harsh to charge a defendant with a felony under the absconding statute for his or her failure to be present at misdemeanor proceedings. Therefore, we find that the Legislature intended the absconding statute's "wherein a felony is charged" provision to limit the statute to cases in which a felony is originally charged, rather than a misdemeanor.

We conclude that the absconding statute applies to felony cases regardless of whether charges are pending or the defendants have been convicted, but the statute does not apply to misdemeanor cases.

Defendant failed to appear for sentencing on a felony conviction. He was properly convicted under the absconding statute.

Affirmed.