State of Vermont v. Michael Germaine

[564 A.2d 604]

No. 88-339

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 7, 1989

*Jeffrey L. Amestoy,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Dean McCann,* Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant claims error in the trial court's revocation of his probation and reimposition of his sentence. We affirm.

Defendant was convicted of sexual assault, sentenced to a suspended term of 0–5 years imprisonment, and placed on probation. On March 11, 1988, the Chittenden District Court held a hearing after defendant's probation officer filed a complaint alleging that defendant had failed to report and to attend required counseling. The court found defendant in violation of the terms of probation and ordered new conditions, including a residential treatment program. When defendant failed to report to the treatment facility as agreed on April 25, 1988, a second probation violation complaint was filed. On May 17, 1988, a hearing on that complaint was held.

At the hearing, the probation officer presented evidence of defendant's violations. Defendant was present but offered no evidence. The court took the matter under advisement and on May 31, 1988, issued an opinion and order revoking defendant's probation and requiring him to serve the balance of his sentence.

■■ Defendant argues that he was denied his right to allocution and to be present at sentencing. V.R.Cr.P. 32.1(a)(2) provides several procedural protections at revocation of probation proceedings, including a hearing held within a reasonable time, written notice of alleged violations, disclosure of the evidence against the defendant, an opportunity to appear, to present evidence and to question witnesses, as well as the right to assigned counsel. While Rule 32(a) guarantees a right of allocution prior to imposition of sentence, that right is not provided in Rule 32.1, which governs the proceeding at issue here. Nor is the right of allocution constitutionally required at sentencing or revocation of probation proceedings. See *Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973) (due process rights of probationer "more limited" than those accorded an accused at criminal trial). Defendant here was not denied an opportunity to be present, to speak, to present evidence, or to confront witnesses against him. Indeed, defendant's counsel argued to the court that defendant should be permitted another opportunity to attend the residential facility. At most,

defendant did not receive an express invitation by the court to make a statement. This omission does not constitute error.

 The fact that the court issued a written order some days after the hearing does not affect our decision. V.R.Cr.P. 43(a), which requires the defendant's presence "at the imposition of sentence," does not apply to a revocation of probation proceeding. Again, Rule 32.1 is the applicable rule.

*Affirmed.*