■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McGEE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in proceeding with the trial in defendant's absence. A defendant may waive his constitutional right to be present at trial *(People v Epps,* 37 NY2d 343, 349), but for the waiver to be effective, the record must reveal that the defendant was aware that he had the right to be present and that the trial would proceed in his absence *(People v Parker,* 57 NY2d 136, 141). Here, defendant was never advised of his right to be present or of the consequences of his failure to appear. Thus, it cannot be said that defendant voluntarily and knowingly waived his right to be present at trial *(see, People v Parker, supra; People v Gaines,* 144 AD2d 941; *People v Walker,* 104 AD2d 759; *People v Scott,* 104 AD2d 667). Absent a waiver, the court had no jurisdiction to try defendant in absentia, and the trial was a nullity *(see, People v Epps, supra,* at 348-349; *Maurer v People,* 43 NY 1). A new trial is mandated, and thus, we do not reach the remaining issues raised by defendant. (Appeal from judgment of Monroe County Court, Celli, J.— criminal sale of controlled substance, third degree.) Present— Denman, J. P., Green, Pine, Balio and Lawton, JJ.