A90A1420. SAWYERS v. THE STATE.
(396 SE2d 926)

DEEN, Presiding Judge.

The appellant, Troy Lee Sawyers, was convicted of burglary and aggravated assault. A co-defendant was convicted of burglary, and this court affirmed that conviction in *Smith v. State*, 189 Ga. App. 562 (376 SE2d 725) (1988). We must reverse Sawyers' convictions.

1. On the morning of the trial, Sawyers was present for the selection of the jury. Before the jury was sworn in, however, the trial court took a recess until after lunch, and Sawyers never returned. His attorney's motion for continuance was denied; the jury was sworn; and the trial proceeded in Sawyers' absence.

Sawyers contends that he did not waive his constitutional right to be present during the trial, and the trial court's failure to grant a continuance was error. "Confrontation rights are personal to the accused and are waived when the accused is free on bail and voluntarily absents himself from the trial." *Byrd v. Ricketts*, 233 Ga. 779, 780 (213 SE2d 610) (1975). However, in *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985), this court adopted a rule that jeopardy must attach before this voluntary waiver principle may be invoked. Since jeopardy attaches in a jury trial when the jury is sworn, *Shaw v. State*, 239 Ga. 690 (1) (238 SE2d 434) (1977), which had not occurred in the instant case before Sawyers absented himself, Sawyers is entitled to a new trial. *Pollard v. State*, supra.

2. Sawyers' remaining enumerations of error are either without merit or not likely to recur upon retrial.

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs in the judgment only.*

Decided September 4, 1990.

*James A. Meaney III*, for appellant.
*Ralph Van Pelt, Jr., District Attorney*, for appellee.