GOTHARD, Judge.
Defendant, Floyd Greenidge, appeals from a judgment refusing to nullify a finding of contempt and sentencing him to 60 days in Parish Prison rendered in his absence. We reverse in part and remand the case for further proceedings.
On April 9, 1981, a default judgment was confirmed in favor of plaintiff, Diane Greenidge, and against defendant, granting to plaintiff a divorce and permanent custody of the minor child. The judgment also ordered defendant to pay child support in the amount of $400.00 a month. Defendant has failed to regularly pay child support since that time and, as a result, plaintiff has filed several rules for contempt.
On November 30, 1988, plaintiff filed her “Eighth Motion for Contempt, Judgment Debtor Rule and Motion to Institute Performance Bond.” The matter came for hearing on February 1, 1989. The defendant was absent and unrepresented. On February 8, 1989, the trial court ruled as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there shall be judgment in favor of Diane Greenidge Hawkins and against the defendant, Lloyd S. Greenidge, in the full and true sum of TWENTY-ONE THOUSAND NINE-HUNDRED SEVENTY THREE AND NO/100 ($21,972.00) DOLLARS, said sum representing the total arrearages as of February 1, 1989, further making same executory and replacing all prior executory judgments previously rendered;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lloyd S. Greenidge is hereby found in contempt of this court and is sentenced to sixty (60) days in the Parish Prison, flat time, with an attachment issued for his arrest and incarceration;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lloyd S. Greenidge shall further pay the sum of FIVE HUNDRED AND NO/00 ($500.00) DOLLARS to Diane Greenidge Hawkins as attorney fees for having to bring this Rule and all costs of these proceedings.”
On February 26, 1990, defendant sought to have set aside that portion of the judgment finding him in contempt of court and sentencing him to 60 days “flat time”.[1] The trial court denied defendant’s motion and defendant appealed.
Defendant argues that the trial court erred in failing to vacate the contempt portion of the judgment “based on inability to pay and lack of procedural due process.”
*907 LSA-C.C.P. art. 2002 provides in part as follows:
“A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken[.]”
We have reviewed the record in this case and find that both the defendant and his attorney of record were served with process and, therefore, the judgment is not subject to annulment pursuant to C.C.P. art. 2002.
However, because the defendant was not present in court when he was found to be in contempt and sentenced by the trial judge, we find that the adjudication of contempt must be vacated.
A judgment of contempt is deemed criminal when the court imposes a determinate sentence which does not contain a “purge clause”. Dunn v. Dunn, 546 So.2d 819 (La.App. 5 Cir.1989). The trial court’s judgment sentenced Greenidge to thirty days “flat time” in the Jefferson Community Correctional Center. As this sentence clearly does not contain a purge clause, Greenidge’s conviction for contempt must be reviewed in light of the constitutional protections afforded to criminal defendants. Dunn v. Dunn, supra; Hoffman v. Hoffman, 480 So.2d 1031 (La.App. 5 Cir.1985).
Here, neither the defendant nor his counsel was present for his “trial” on the charge of contempt, the trial court’s adjudication of guilt, and the imposition of sentence.
C.Cr.P. art. 833 provides as follows:
“The court may permit a defendant charged with a misdemeanor to be arraigned, plead guilty, or be tried, in his absence, if he is represented by counsel who consents to proceed. Otherwise he must be present.
A plea of not guilty of a misdemeanor may always be entered through counsel and in the absence of the defendant.”
In State v. Walker, 374 So.2d 1223, 1226 (La.1979), the court stated that, where the record did not show that the defendant or his counsel was present for the adjudication of guilt and for the imposition of sentence, “this violation of [C.Cr.P. art. 833] denied defendant the opportunity to object for the verdict or ask for a new trial. Since basic legal rights were adversely affected at this stage of the proceedings, defendant has been denied the protection provided by Art. 833.”
Furthermore, C.Cr.P. art. 835 provides as follows:
“In felony cases the defendant shall always be present when sentence is pronounced. In misdemeanor cases the defendant shall be present when sentence is pronounced, unless excused by the court. If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.”
We agree with our brethren on the Fourth Circuit that the phrase “excused by the court” means that in misdemeanor cases upon defendant’s request the court may in its discretion excuse the defendant from the requirement that he be present when sentence is pronounced. State v. Johnson, 482 So.2d 146 (La.App. 4 Cir.1986). We do not believe that this article authorizes a court to impose a criminal sentence on an absent defendant without defendant’s waiver of his right to be present.
C.C.P. art. 2164 allows an appellate court to “render any judgment which is just, legal and proper upon the record on appeal.” Because the defendant and his counsel were not present when defendant was found to be in contempt of court and was sentenced to 60 days, with no opportunity to purge, we find that this “conviction” was obtained in violation of his basic rights as set forth in the Code of Criminal Procedure. Accordingly, pursuant to C.C.P. art. 2164, we vacate that portion of the judgment finding defendant in contempt of court and sentencing him to 60 days. We note that defendant does not challenge the remainder of the judgment *908 and, therefore, that portion of the judgment for $21,972.00 in favor of Diane Greenidge and that portion of the judgment ordering defendant to pay $500.00 in attorney’s fees is final.
REVERSED IN PART AND REMANDED.

. Although the pleading is titled “Motion to Set Aside Contempt Judgment and Executory Judgment", it is styled as a petition and includes citation.