Dear Chief Deville:
Your request for an opinion concerning a mayor's court's power to sentence a defendant has been forwarded to me for research and reply. Specifically, you have asked the following question:
 May a city magistrate sentence a defendant, who twice failed to appear in court pursuant to a traffic violation, to jail time without the defendant ever appearing before the court?
Apart from any Constitutional issues of due process that this question may raise, our Legislature in the Louisiana Code of Criminal Procedure has spoken-directly on the issue of a defendant's presence during both prosecution and sentencing. When a defendant is charged with a misdemeanor, he may be absent from his arraignment, or even his trial, but he must be represented by counsel, otherwise, his presence is required. La.C.Cr.P art. 833. The Code of Criminal Procedure does list some occasions when the presence of the defendant is not necessary. La.C.Cr.P art. 834. However, these exceptions do not apply to the requirement that a defendant or his counsel be present at trial or at sentencing. Upon conviction, the code specifically requires the defendant's presence at the pronouncement of his sentence for a misdemeanor unless excused by the court. Under this article, allowing a court to excuse defendant's presence means that only upon the defendant's request or waiver of his right to be present can the court excuse his absence from sentencing. Greenidge v.Greenidge, App. 5 Cir. 1990, 571 So.2d 905; State v. Johnson, App. 4 Cir. 1986, 482 So.2d 146.
A misdemeanor is defined as, "any crime other than a felony," and a felony is defined as, "any crime for which an offender may be sentenced to death or imprisonment at hard labor." Because the violation of a traffic law is a misdemeanor, according to the previously mentioned articles, the defendant, his counsel, or at least his waiver of appearance will be needed for a valid trial and any pronouncement of sentence. Therefore, the mayor's court was in error in issuing the thirty day sentence letter, as the defendant never was properly tried or sentenced.
In addition, even if the court was not sentencing the defendant for the traffic violation, but was proceeding under its contempt of court powers, the proper process was still not afforded to this defendant. When a court holds a person in contempt of court under La.C.Cr.P art. 20 21, the court must have held a hearing and have afforded the defendant a chance to be heard on this complaint. Therefore, the defendant's presence is required before any contempt ruling may be made. Here, no hearing was held and the defendant never appeared. Therefore, the "sentence" this defendant received did not result from a proper contempt of court determination.
Recognizing the difficulty of obtaining the presence of a non-resident defendant traffic violator, our Legislature has acted in adopting a Non-Resident Violator Compact at La. R.S.32:1441, which may be helpful in future dealings with non-resident motorists and specifically those who willfully do not appear in our jurisdiction pursuant to the violation of our laws. This compact provides means to either compel the non-resident to choose to return to this jurisdiction and appear, or to work with the non-resident's jurisdiction to see the defendant is punished in some way for his actions in our jurisdiction.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ Donald W. North Assistant Attorney General