J-S47012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FATEMA ROBINSON | : | |
| | : | |
| Appellant | : | No. 2093 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 14, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002595-2023

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED FEBRUARY 27, 2026**

Fatema Robinson appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after she was convicted of burglary[1] and related offenses at a waiver trial. On appeal, Robinson challenges the applicability of the fugitive forfeiture rule and the sufficiency of the evidence to sustain her burglary conviction. Because Robinson forfeited her right to appeal by remaining in fugitive status throughout the thirty-day appeal period, we quash.

A detailed recitation of the facts underlying Robinson's convictions is unnecessary given our disposition. Briefly, on March 14, 2023, Robinson was involved in an altercation with her child's paternal grandmother ("Victim"),

_____

[1] 18 Pa.C.S.A. § 3502(a)(1)(i).

during which she forcibly entered Victim's residence by breaking down the front door and removed her child from Victim's custody, in contravention of a shared custodial agreement. On April 11, 2023, Robinson was charged with burglary, conspiracy to commit burglary, criminal trespass, simple assault, aggravated assault, possession of an instrument of crime, and criminal mischief[2] for her alleged role in the altercation. The trial court summarized the procedural history of the matter as follows:

> At the preliminary hearing on April 5, 2023, the Commonwealth moved to amend the bills of information which the court granted. Subsequently, [Robinson] was [also] charged with criminal mischief[.] All charges were held for court. Additionally at the preliminary hearing[, Robinson] moved to modify her bail. The court granted the motion [and modified] bail from $150,000 to $50,000 at 10%.
>
> On February 14, 2024, the matter was heard as a waiver trial. At the conclusion of [trial, Robinson] was found not guilty of aggravated assault [] and possession of an instrument of crime. [Robinson] was found guilty of all remaining charges. [The] court ordered a pre-sentenc[e] investigation report and a mental health report[, and deferred sentencing] to April 19, 2024. However, on [that date, Robinson] was not present at the call of the list and [the] court issued a bench warrant and revoked and forfeited bail. [Robinson] arrived at court later during the day[, and the] court lifted the bench warrant and reinstated her bail. [However, counsel for Robinson failed to appear, and] sentencing was continued to June 14, 2024.
>
> [Both Robinson and her counsel appeared for sentencing] on June 14, 2024[. The] court [imposed] an aggregate sentence of two to four years of incarceration followed by two years of reporting

---

[2] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 903, 3503(a)(1)(ii), 2701(a), 2702(a)(1), 907(a), and 3304(a)(5), respectively.

probation. ... [Robinson's] turn in date was scheduled for July 11, 2024.

[Robinson] filed a post-sentence motion to reconsider the sentence on June 19, 2024[, which the court denied] on July 10, 2024. On July 11, [2024, Robinson] failed to surrender herself. [The] court issued a judge only bench warrant[ and] revoked and forfeited her bail.

[On July 31, 2024, counsel] filed a notice of appeal [on Robinson's behalf, and] a motion to withdraw[. The trial] court granted the motion to withdraw and appointed [appellate] counsel on August 22, 2024.

Trial Court Opinion, 9/30/24, at 2-3 (unpaginated) (unnecessary capitalization and footnotes omitted). Robinson failed to file a court-ordered concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). **See** Pa.R.A.P. 1925(b).[3] The trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), on September 30, 2024. **See** Pa.R.A.P. 1925(a).

On appeal, Robinson raises the following questions for our review:

1. Did the court err by finding that [] Robinson forfeited her right to appeal?

_____

[3] Generally, an appellant's failure to file a court-ordered concise statement will result in waiver of the issues raised on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii). "However, it is well-settled that waiver will not attach if the court's Rule [1925(b)] order did not strictly comply with the mandates of the rule[.]" **Commonwealth v. Pridgen**, 305 A.3d 97, 101 n.4 (Pa. Super. 2023) (citation omitted). Notably, an order directing an appellant to file a 1925(b) statement must state "that any issue not properly included in the Statement ... **shall** be deemed waived." Pa.R.A.P. 1925(b)(3)(iv) (emphasis added). Here, the court's 1925(b) order stated that failure to comply "may be construed as waiver[.]" Trial Court Order, 9/6/24. Thus, the court's 1925(b) order "was unenforceable because it did not strictly comply with Rule 1925(b)." **Commonwealth v. Stroud**, 298 A.3d 1152, 1156 (Pa. Super. 2023) (footnote omitted). Accordingly, Robinson's failure to file a 1925(b) statement does not result in waiver of her appellate issues.

2.     Did the court err by convicting [] Robinson because the evidence was insufficient to sustain the conviction for burglary where [] Robinson entered the home with consent?

Appellant's Brief, at 3 (unnecessary capitalization and suggested answers omitted).

In her first issue, Robinson challenges the trial court's application of the fugitive forfeiture rule to this appeal. Specifically, Robinson avers that the trial court erred in concluding that she "forfeited her right to appeal by failing to surrender for incarceration on her scheduled turn-in date of July 11, 2024." Appellant's Brief, at 13. She contends that, because counsel timely filed a notice of appeal on her behalf, "[h]er fugitive status does not negate the jurisdiction of this Court to review her appeal[.]" *Id.* at 14. We disagree.

Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right. *See* Pa. Const. Art. V, § 9. However, the right to appeal is not absolute; Pennsylvania courts have developed the fugitive forfeiture rule to address the extent to which appellate rights are guaranteed to a defendant who absconds from the criminal justice system post-trial. As our Supreme Court has explained:

While the right to appeal is unquestionably a significant right, nevertheless, our Constitution only guarantees our citizens be afforded the opportunity to exercise such right: The right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision. The judiciary has created procedures and rules to allow the orderly functioning of a system of adjudication for determining

individual rights and to effect justice. Those who flout their day in court, and who voluntarily, willfully, and purposefully flee from a court's jurisdiction, are acting in contravention of their constitutional rights and the very system set up to vindicate such rights.

* * *

The fugitive forfeiture rule does not merely serve to ensure the orderly operation of the appellate process and ensure that the appellate court's judgment can be enforced; it also deters a defendant's flight or escape, encourages self-surrender as soon as possible, and furthers efficiencies in, and promotes the dignity of, appellate courts.

*Commonwealth v. Adams*, 200 A.3d 944, 953 (Pa. 2019) (quotation marks, brackets, citation, and footnote omitted).

Historically, our courts strictly enforced the fugitive forfeiture rule to require an irrevocable *per se* forfeiture of the right to appeal where a defendant voluntarily absconded "at any time after post-trial proceedings commence[d,]" regardless of whether the defendant later returned to the court's jurisdiction. *Commonwealth v. Jones*, 610 A.2d 439, 441 (Pa. 1992), abrogated by *Commonwealth v. Deemer*, 705 A.2d 827, 829 (Pa. 1997). However, our courts have since modified this strict *per se* application of the fugitive forfeiture rule in favor of a discretionary approach designed to punish a returned fugitive, "if appropriate," without allowing the fugitive to "benefit from his fugitive status." *Deemer*, 705 A.2d at 829. Under the current interpretation of the fugitive forfeiture rule, a defendant's fugitive status during the thirty-day appeal period determines whether the defendant has forfeited the right to appeal:

- 5 -

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

*Id.* (footnote omitted). Importantly, our Supreme Court has explicitly stated: "the fugitive forfeiture rule must apply whether or not[ ] counsel takes an appeal on his client's behalf." *Adams*, 200 A.3d at 954-55 (explaining that "the focus is on the fugitive's conduct, and the timing of his return to the criminal justice system," rather than "counsel's actions to preserve the fugitive's rights") (citations omitted). Thus, under the fugitive forfeiture rule, even where counsel files a timely appeal on behalf of a fugitive client, a court may dismiss a defendant's appeal if he absconds during the thirty-day appeal period and fails to rectify his fugitive status by returning to the court's jurisdiction prior to the expiration of the appeal period. *See id.*; *Deemer*, 705 A.2d at 829

Here, the trial court denied Robinson's post-sentence motion on July 10, 2024. Consequently, Robinson's thirty-day period for filing a direct appeal from her judgment of sentence expired on August 9, 2024. *See* Pa.R.Crim.P.

- 6 -

720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed... within 30 days of the entry of the order deciding the motion[.]"). By failing to appear for surrender on July 11, 2024, Robinson voluntarily absented herself from the court system and became a fugitive. Critically, the trial court record clearly shows that Robinson failed to return to the court's jurisdiction prior to the expiration of the thirty-day appeal period. *See* Trial Court Opinion, 9/30/24, at 6 (noting that Robinson was still a fugitive as of the date of the opinion, September 30, 2024, well after the termination of the appeal period). Because Robinson retained fugitive status throughout the thirty-day appeal period, it "is of no moment" that her counsel filed a timely notice of appeal, and the trial court did not abuse its discretion in concluding that Robinson forfeited her right to appeal in accordance with the fugitive forfeiture rule. *Adams*, 200 A.3d at 954 (citation omitted).

Therefore, Robinson has forfeited the right to appeal to this Court from her judgment of sentence and is thereby precluded from challenging the sufficiency of the evidence to sustain her burglary conviction. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/27/2026

- 7 -