LOUIS A. GIBBS, appellant, v. THE STATE OF DELAWARE, Appellee.

(*March* 9, 1965)

WOLCOTT, C.J., and Carey and Herrmann, JJ., sitting.

*John B. Maybee,* Deputy Atty. Gen., for State of Delaware.

*Henry J. Ridgely,* for defendant.

Supreme Court of The State of Delaware, No. 30, 1964.

HERRMANN, Justice:

This appeal involves the construction of 11 *Del.C. Secs. 3911 and 3912*[1] sometimes known as the Habitual Criminal Act.

The question presented for decision is whether an information filed under Sec 3912 (b) charges a separate offense upon which there may be a separate conviction and a separate sentence.

The facts are these:

On May 6, 1960, two informations were filed by the Attorney General bringing two charges of breaking and entering against the defendant. On the same day, an information was filed by the Attorney General charging that the defendant "having been convicted of four felonies under the laws of this State subsequent to July 15, 1953, has become an habitual criminal" in violation of 11 *Del. C.* Sec. 3911. The defendant was arraigned on each of the three informations and entered a separate plea of guilty to each. On July 19, 1960, after presnetence investigation, the defendant was sentenced to a concurrent term of five years imprisonment on each of the breaking and entering charges. Simultaneously, he was sentenced on the information charging violation

---

[1]11 *Del.C.* Sec. 3911 provides:

"Any person who has been three times convicted of a felony under the laws of this State, and/or any other State, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be a habitual criminal, and the Court in which such fourth or subsequent conviction is had, in imposing sentence, may, in its discretion, impose a life sentence upon the person so convicted."

11*Del.C.* Sec. 3912 (b) provides:

"(b)   If, at any time after conviction and before sentence, it shall appear to the Attorney General or to the superior Court that, by reason of such conviction and prior convictions, a defendant should be subjected to the provisions of section 3911 of this title, the Attorney General shall file an information charging the defendant as an habitual criminal under the provisions of section 3911 of this title. The defendant shall be required to plead to such information. If the defendant remains silent or pleads not guilty, he shall be tried upon the charges of such information  with right to jury trial preserved. If the defendant is found guilty, or if he pleads guilty or nolo contendere, the court may impose the sentence provided by section 3911 of this title."

of Sec. 3911 to "be imprisoned for life. The imprisonment is suspended, pending good conduct and having no more added to criminal record, following present imprisonment."

On March 2, 1964, the defendant was indicted by the Grand Jury of Kent County on nine charges of burglary in the fourth degree. The defendant entered a plea of guilty to five of the charges. On March 6, 1964, the defendant having been brought before the court, the suspension of the life sentence was ordered revoked and the defendant was ordered "imprisoned for the remainder of his life." The defendant was then sentenced to a consecutive term of five years on each of the five burglary charges "to be concurrent with the one for life imprisonment."

The defendant contends on this appeal that the judgment of conviction for the alleged crime of being an habitual criminal, and the sentence based on such conviction, are invalid because 11 *Del. C.* Sec. 3911 does not provide for a separate charge, a separate conviction and a separate sentence for any such offense. We agree.

Habitual criminality is a status and not a criminal offense under our law. The Delaware Habitual Criminal Act does not create or define a new or different crime; rather, it describes the circumstances and the procedures under which this most severe penalty may be imposed for repeated felony convictions. The language of Sec. 3911 is clear. It provides that in imposing a sentence on a fourth or subsequent felony conviction, the court may, in its discretion, impose a life sentence. The Statute clearly contemplates the imposition of a term of life imprisonment as the greater penalty for the fourth or subsequent conviction and not as a penalty for any separate offense.

It was error, therefore, to treat the information filed under the Habitual Criminal Act, in the ordinary way as a charge of a separate offense carrying with it a separate conviction and a separate sentence. If the court below, in its discretion, wished to impose a life sentence upon

the defendant under Sec. 3911, it could have done so properly by imposing that sentence upon any of the felony convictions after the third. There is no room for deviation in the statutory proceedings such as appears here.

The origination and evolution of the procedure, used to implement our Habitual Criminal Act, appear in *State v. Owens,* 9 Terry 230, 101 A.2d 319 (1953) and in 11 *Del. C.* Sec. 3912. It appears that Sec. 3912 was enacted as the result of the Owens case in which the court noted the lack of a procedure for implementing the Act. The court there prescribed the proceeding by information as a means of utilizing the Act with due regard for the demands of due process of law. It is clear from the Owens case and the resultant Sec. 3912 that the information procedure there adopted was not intended to create a new and separate offense of habitual criminality.

Our construction of the Statute is supported by cases such as *State v. Hensley,* 20 Wash. 2d 95, 145 P.2d 1014 (1944) and Ex parte Wray, 61 Okl. Cr. 162, 66 P.2d 965 (1937), holding that the charge of being an habitual criminal, under statutes similar to ours, does not constitute a charge of a separate offense but merely provides the means of, and the circumstances for, imposing a greater penalty for the last offense. See also 42 C.J.S. Indictments and Informations Sec. 145, p. 1065.

Since the judgment of conviction was for the crime of being an habitual criminal, and since there is no such offense known to our law, the conviction and the sentence imposed thereupon are void and must be stricken. The case is remanded for further proceedings.