Clarence HOOKS, Wilbur Johnson,
Robert Golson, Sterling Hobbs,
Defendants, Appellants,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted March 9, 1981.

Decided May 8, 1981.

Richard E. Fairbanks, Jr. (argued), Asst. Public Defender, Wilmington, for defendants-appellants.

Kathleen Molyneux (argued) and Bartholomew Dalton, Deputy Attys. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and QUILLEN, JJ.

DUFFY, Justice.

The single issue in this appeal concerns the procedure by which mandatory prison sentences were imposed by the Superior Court. We conclude that, under the special circumstances of this case, there was not reversible error in the proceeding.

I.

The pertinent facts are these:

Clarence Hooks, Wilbur Johnson, Robert Golson and Sterling Hobbs (defendants) were indicted and convicted in the Superior Court of Murder in the First Degree, 11 Del.C. § 636, Robbery in the First Degree, 11 Del.C. § 832, and Conspiracy in the Second Degree, 11 Del.C. § 512. Hooks was also indicted and convicted of Possession of a Deadly Weapon During Commission of a Felony, 11 Del.C. § 1447.

On April 27, 1976, each defendant was sentenced to death on the charge of Murder in the First Degree, pursuant to 11 *Del.C.* § 4209(a),[1] and to prison terms for the other offenses. In a certification proceeding involving this and other cases, this Court held that the mandatory death sentence imposed upon each defendant under § 4209(a) was unconstitutional. *State v. Spence*, Del. Supr., 367 A.2d 983 (1976). On appeal, this Court affirmed all convictions but noted that resentencing was required. *Hooks v. State*, Del.Supr., 416 A.2d 189 (1980).

In *Spence*, we held that the provision of 11 *Del.C.* § 4209(a) mandating the death penalty was constitutionally invalid, but that the Statute's provision for "life imprisonment without benefit of parole" was severable, constitutionally valid and, hence, appropriate punishment for each defendant. 367 *A.2d* at 989.

Upon remand, following affirmance of the convictions, the Superior Court Judge who had presided at trial issued a written order, in compliance with the opinion in *Spence*, vacating the sentence of death imposed on each defendant on the charge of Murder in the First Degree and sentenced him to prison for the balance of his life without benefit of parole, beginning on the date of arrest. Defendants' subsequent motion to vacate the sentences was denied and this appeal was then docketed.

## II.

Each defendant contends that the Superior Court violated his Sixth and Fourteenth Amendment right to counsel and his common law right to be present during sentencing by imposing the mandatory life imprisonment penalty by written order, rather than in open court in the presence of defendant and his counsel.

■ The norms governing sentencing proceedings are well settled: thus, (1) a defendant has a right to be present at the imposition of final sentence, *United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963); (2) he has a right to counsel at that time, *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); (3) the Trial Judge is required to address a defendant personally at that time and to ask him if he wishes to make a statement in his own behalf and/or to present any information in mitigation of punishment, *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *Ball v. United States*, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1891). Those norms, whether derived from the common law or constitutionally based, are followed in our practice and are codified in Superior Court Criminal Rules 43 and 32(a).[2] We have no doubt that the imposition of sentence is a critical stage in the proceeding and, for that reason, both defendant and counsel are required to be present. *Mempa v. Rhay*, supra; *United States v. Behrens*, supra.

As we have indicated, following their respective convictions, defendants were present in the Superior Court with counsel for sentencing and each had an opportunity to be heard personally and through counsel as required by the Rules. The final sentences of death imposed at that time were

---

1. At that time 11 *Del.C.* § 4209(a) stated:
   "In any case in which a person is convicted of first degree murder the Court shall impose a sentence of death. If the penalty of death is determined to be unconstitutional the penalty for first degree murder shall be life imprisonment without benefit of parole." 59 *Del.Laws*, c. 284 § 2.

2. Superior Court Criminal rules provide, in part, as follows:
   *Rule 43*:
   "In all cases where the Superior Court has or is exercising original jurisdiction over an offense the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these Rules."
   *Rule 32(a)*:
   "Before imposing sentence the Court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

thereafter vacated, however, and each case was remanded for mandatory resentencing.

It is important to an understanding of the circumstances to note that the mandate which issued after the decision by this Court in this case required the Superior Court to sentence each defendant to prison for the rest of his life without benefit of parole. 416 *A.2d* at 193 and 208. That was, of course, a necessary and inevitable consequence of both the decision in *Spence*, which had determined that a death sentence would be unconstitutional, and of the death Statute itself, which provided in part as follows:

> "If the penalty of death is determined to be unconstitutional the penalty for first degree murder shall be life imprisonment without benefit of parole."

59 *Del.Laws*, c. 284 § 2 (current version at 11 *Del.C.* § 4209, effective May 14, 1977).[3]

In short, it is unquestioned that upon remand and during resentencing the Superior Court Judge had no discretion whatsoever. By opinion of this Court and by the governing Statute he could do only one thing: sentence each defendant to prison for life without benefit of parole. Under these controlling circumstances, any requirement of attendance of defendants and their counsel would be a formality at best. See *Carey v. Garrison*, D.N.C., 452 F.Supp. 485 (1978); *Eaton v. Capps*, D.C.Ala., 348 F.Supp. 237, aff'd, 5 Cir., 480 F.2d 1021 (1972). Indeed the oft-stated purpose of requiring the presence of a defendant is to provide him an opportunity to speak on his own behalf, *United States v. Behrens*, supra. The purpose of requiring the presence of counsel is to insure that the sentence is not predicated on misinformation. *Mempa v. Rhay*, supra. The first had already been accomplished at the initial sentence and the second could not be achieved in this particular sentencing situation which was wholly governed by the appellate mandate.

Moreover, defendants concede that there is not a constitutional defect in a Rule 35(b) proceeding in which modification or reduction of sentence is imposed by order without the presence of a defendant or counsel. *Shy v. State*, Del.Supr., 246 A.2d 926 (1968); Superior Court Criminal Rule 32(a). We are unable to discern any difference in principle between such a situation in which one sentence is substituted for another and the present case in which virtually the same thing was done. Therefore, it seems to us that if Rule 35(b) proceedings may be accomplished by written order (and they can be), then what was done here is equally permissible. See *United States v. McCray*, 10 Cir., 468 F.2d 446 (1972).

■ Given the fact that (a) when the original sentences were imposed defendants were in court with counsel and had an opportunity to be heard both personally and through counsel, and that (b) the Trial Judge had no discretion in imposing the life sentences after remand, we find no reversible error in these special circumstances.

Affirmed.

HERRMANN, Chief Justice (concurring):

I concur because I believe any error in this case is harmless beyond a reasonable doubt.

I take the occasion, however, to express disapproval of the delivery of "justice by mail", under any circumstances, at the verdict or sentence stage of a felony case. Our Rules should be broadly construed, or amended if necessary, to the end that such practice, limited as it may be, cease.

The spirit of the common law and our Rules of Court require, I believe, that the defendant in a felony case be present in the court room to "look upon" the judge or jury when guilt is pronounced, and upon the judge when sentence is imposed. Our system of justice requires more than the delivery of any such "message" by mail, from

---

**3.** The current version of 11 *Del.C.* § 4209(a) provides:

> "Any person who is convicted of first-degree murder shall be punished by death or by imprisonment for the remainder of his or her natural life without the benefit of probation or parole or any other reduction, said penalty to be determined in accordance with this section."

court or counsel, to the prisoner in his cell. Such practice engenders, I fear, a misunderstanding and bitterness against "the system" on the part of a prisoner which we should strive to avoid.