**Bruce E. JONES, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 175, 1995.**

Supreme Court of Delaware.

Submitted: Feb. 6, 1996.

Decided: Feb. 15, 1996.

James F. McCloskey, Assistant Public Defender, Wilmington, for appellant.

William E. Molchen, Deputy Attorney General, Wilmington, for appellee.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

The defendant-appellant, Bruce E. Jones ("Jones") challenges an amended sentence imposed on him by the Superior Court. According to Jones, the Superior Court erred by amending his original sentence and resentencing him *in absentia.* We agree.

### *Original Sentence*

The record reflects that Jones was indicted on charges of trafficking in cocaine, delivery of cocaine, and maintaining a vehicle for the keeping of a controlled substance. On November 18, 1993, Jones pled guilty to trafficking in cocaine. The State entered a *nolle prosequi* on the remaining charges.

On November 24, 1993, the State filed a "Motion to Declare [Jones] an Habitual Offender." *See* 11 *Del.C.* § 4214(a). At sentencing on January 21, 1994, the Superior

---

Court declared Jones to be an habitual offender, and ordered him to serve two years of imprisonment at Level V. In addition, the Superior Court sentenced Jones to eleven years for the trafficking offense, suspended after three years mandatory minimum incarceration at Level V. *See* 16 *Del.C.* § 4753A(a)(2)a.

### Amended Sentence

On April 13, 1995, the Superior Court sent a letter to Jones notifying him that he had been sentenced "incorrectly." On April 19, 1995, an office conference was held at the *sua sponte* request of the Superior Court, for the purpose of discussing Jones' sentence. The attorneys for Jones and for the State were present at the office conference, but Jones was not present.

The Superior Court determined that the January 21, 1994 sentence was erroneous because Jones had improperly received a separate sentence for his "status" as an habitual offender. *See Gibbs v. State,* 58 Del. 256, 208 A.2d 306 (1965).[1] On April 27, 1995, the Superior Court entered an amended sentencing order. In the amended sentencing order, the Superior Court declared Jones an habitual offender, and sentenced him to five years mandatory incarceration at Level V for the trafficking offense, pursuant to 11 *Del.C.* § 4214(a) and 16 *Del.C.* § 4753A(a)(2)a.

The amended sentencing order also provided that, after serving the mandatory five years at Level V, Jones would be placed in Level IV supervision at a halfway house, pursuant to 11 *Del.C.* § 4204(1). The Superior Court vacated the separate January 21, 1994 order which had declared Jones an habitual offender and imposed a two year sentence. The balance of the January 21, 1994 sentencing order remained in effect.

---

1. In *Gibbs,* this Court stated: "The Delaware Habitual Criminal Act does not create or define a new or different crime; rather, it describes the circumstances and the procedures under which this most severe penalty may be imposed for repeated felony convictions." *Gibbs v. State,* 58 Del. 256, 208 A.2d 306, 308 (1965). *See also Mergenthaler v. State,* Del.Supr., 239 A.2d 635 (1968); *Key v. State,* Del.Supr., 463 A.2d 633 (1983).

### This Amended Sentence
### Jones' Presence Required

■ In this appeal, Jones asserts that the Superior Court erred by resentencing him outside of his presence.[2] It is well established that a defendant has a fundamental right to be present at the imposition of a final sentence following a criminal conviction. *See* Super.Ct.Crim.R. 43(a); *Hooks v. State,* Del.Supr., 429 A.2d 1312 (1981); *Fullman v. State,* Del.Supr., 431 A.2d 1260 (1981); *Shy v. State,* Del.Supr., 246 A.2d 926 (1968); *Shaw v. State,* Del.Supr., 282 A.2d 608 (1971); *United States v. Behrens,* 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). The defendant's presence is not always necessary, however, when a sentence is corrected. *Gibbs v. State,* Del.Supr., 229 A.2d 502, 504 (1967); *See also* Super.Ct.Crim.R. 36. *Compare* Super.Ct.Crim.R. 35.

■ Superior Court Criminal Rule 36, for example, permits the Superior Court to amend *clerical* errors in its records at any time. Accordingly, its provisions for notice to the parties are optional. *United States v. Werber,* 51 F.3d 342, 347 (2d Cir.1995). Therefore, the sentencing judge may decide a Rule 36 motion without notice, if a "clerical mistake" appears on the face of the record. *Id.*

■ Rule 36 did not provide a basis for the Superior Court to correct Jones' sentences. *Id.* at 348. When the Superior Court initially sentenced Jones, it erroneously imposed separate sentences for Jones' status of being an habitual offender and for the trafficking offense. *Gibbs v. State,* 58 Del. 256, 208 A.2d 306 (1965). An amendment was necessary to correct an *error of law* when Jones' sentence was pronounced, not a clerical mistake in transcription. *United States v. Werber,* 51 F.3d at 348.

---

2. Jones also argues that the amended sentence imposed on him was illegal under Delaware law, because it constituted an allegedly improper aggregation of sentences under two separate statutory provisions. Since this matter is being remanded, however, we decline to address this issue. Jones will have a right to take a direct appeal following the imposition of the new sentences upon remand.

Superior Court Criminal Rule 35(a) permits the Superior Court to correct an *illegal* sentence at any time. The Superior Court's amended sentence constituted a substantive legal change in Jones' sentence, rather than a mere correction to reflect the actual sentence imposed in Jones' presence in open court. *Compare* Super.Ct.Crim.R. 36. Moreover, the proper legal application of the habitual offender statute gave the Superior Court the discretion to impose a more severe penalty on Jones for the trafficking offense, which constituted his fourth felony conviction. 11 *Del.C.* § 4214(a). *See Fullman v. State*, Del.Supr., 431 A.2d 1260, 1264 (1981). *Compare Hooks v. State*, Del.Supr., 429 A.2d 1312 (1981). Therefore, Jones had a right to be present when the amended sentence was imposed. Super.Ct.Crim.R. 43(a). *See Fullman v. State*, 431 A.2d at 1264–65; *Shaw v. State*, Del.Supr., 282 A.2d 608 (1971); *United States v. Behrens*, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). *Compare Hooks v. State*, Del.Supr., 429 A.2d 1312 (1981); *Shy v. State*, Del.Supr., 246 A.2d 926 (1968).

### Conclusion

This matter is remanded to the Superior Court for the purpose of vacating all of Jones' sentences. A completely new sentencing hearing is to be conducted upon notice, with Jones and his attorney present. Jurisdiction is not retained.

### Upon Remand

This Court has been advised that Jones died shortly before his appeal was decided. Jones' death makes the disposition in his case moot. *Perry v. State*, Del.Supr., 575 A.2d 1154, 1156 (1990). This opinion is being reported, nevertheless, since it involves issues which are capable of repetition and may possibly evade review. *Radulski v. Delaware State Hospital*, Del.Supr., 541 A.2d 562, 566 (1988).