TREVOR LIVESAY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 670, 2009.
Supreme Court of Delaware.
Submitted: May 3, 2010.
Decided: June 9, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 9th day of June 2010, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) On February 10, 2009, the appellant, Trevor Livesay, pled guilty to two counts of Burglary in the Second Degree, two counts of Theft and one count of Resisting Arrest. On April 17, 2009, the Superior Court sentenced Livesay to a total of seventeen years at Level V suspended after nine years for decreasing levels of supervision. Livesay did not appeal.
(2) On July 8, 2009, Livesay filed a motion for modification of sentence pursuant to Superior Court Criminal Rule 35 ("Rule 35"). By order August 3, 2009, the Superior Court denied Livesay's motion on the basis that the April 17, 2009 sentence was appropriate and a modification was not warranted. Livesay did not appeal.
(3) On September 24, 2009, the Superior Court held a sentence review hearing. At the conclusion of the hearing, the Superior Court reduced the April 17, 2009 sentence. Instead of Livesay serving nine years at Level V followed by decreasing levels of supervision, the Superior Court ordered that Livesay serve seven years and four months at Level V Boot Camp suspended upon successful completion for decreasing levels of supervision.
(4) On October 20, 2009, the State filed a motion for modification of sentence pursuant to Rule 35. The State asked the Superior Court to revoke the September 24, 2009 sentence and reimpose the April 17, 2009 sentence. The State argued that Livesay was not eligible as a matter of law for Boot Camp[1] because he had a prior conviction for Burglary in the Second Degree,[2] he had previously served more than one year at Level V,[3] and he was sentenced to a period of incarceration of greater than five years.[4] After a hearing on October 27, 2009 at which Livesay appeared with his counsel, the Superior Court granted the State's motion for modification of sentence and reimposed the April 17, 2009 sentence. This appeal followed.
(5) On appeal, Livesay's counsel has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Livesay's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. It appears that Livesay's counsel provided Livesay with a copy of the motion to withdraw and the Rule 26(c) brief and appendix.[5] Counsel also advised Livesay by letter that he had a right to supplement the brief and to file a response to the motion to withdraw.
(6) The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[6] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[7]
(7) In response to his counsel's letter, Livesay submitted three arguments why the Superior Court should not have modified the September 24, 2009 sentence. According to Livesay, a person convicted of Burglary in the Second Degree is eligible for Boot Camp, Rule 35 cannot be used to increase a sentence, and the September 24, 2009 sentence was not illegal. The State has responded to Livesay's submission as well as the Rule 26(c) brief and has moved to affirm the judgment of the Superior Court.
(8) Upon careful review of the record, it is clear to the Court that the Superior Court did not err when modifying the September 24, 2009 sentence. Livesay's arguments to the contrary are without merit. As alleged by the State in its motion for modification of sentence and as determined by the Superior Court at the October 27, 2009 hearing, the sentence imposed on September 24, 2009 was not authorized by the Boot Camp statute and was thus illegal.[8] As a result, the Superior Court had the authority under Rule 35(a) to correct the September 24, 2009 sentence.[9] The Superior Court's reimposition of the April 17, 2009 sentence was not an abuse of discretion.
(9) The Court has reviewed the record carefully and has concluded that Livesay's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Livesay's counsel made a conscientious effort to examine the record and the law and properly determined that Livesay could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] See Del. Code Ann. tit. 11, ch. 6700 (2007) (governing Boot Camp Intensive Incarceration).
[2] Del. Code Ann. tit. 11, § 6712(b)(3).
[3] Id. § 6712(c)(1).
[4] Id. § 6706(3).
[5] The appendix includes transcripts of the February 10, 2009 guilty plea proceeding, April 17, 2009 sentencing, September 24, 2009 sentence review hearing and October 27, 2009 sentence modification hearing.
[6] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[7] Id.
[8] Cf. Jones v. State, 672 A.2d 554, 555 (Del. 2001) (providing that an amendment was necessary to correct an error of law when sentence was pronounced).
[9] Del. Super. Ct. Crim. R. 35(a) (providing that the court may correct an illegal sentence at any time).