IN THE SUPREME COURT OF THE STATE OF DELAWARE

GERALD A. LANDRY, § 
§ No. 99, 2015
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. § in and for Kent County
§
STATE OF DELAWARE, § Cr. ID No. 1208001982
§
Plaintiff Below, §
Appellee. §

Submitted: August 28, 2015
Decided: November 13, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

# O R D E R

This 13th day of November 2015, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) In September 2013, the appellant, Gerald Landry, pled guilty to four drug-related charges, including Aggravated Possession in a Tier 5 quantity and Drug Dealing in a Tier 4 quantity.[1] In accordance with the plea agreement, the parties recommended a prison sentence of eight years. The Superior Court sentenced Landry to a total of sixty-seven years at Level V suspended after eight years for probation. Landry did not appeal the sentence. Landry's motion to withdraw the guilty plea is pending in the Superior Court.

---

[1] Landry also pled guilty to Drug Dealing in a Tier 2 quantity and Conspiracy in the Second Degree.

(2)     This appeal is from the Superior Court's denial of Landry's motion for correction of sentence under Superior Court Criminal Rule 35(a). On appeal, Landry contends that his separate convictions and sentences for Aggravated Possession Tier 5 and Drug Dealing Tier 4 violated the constitutional prohibition against subjecting a defendant to double jeopardy.  Based on the Court's decision in *Ayers v. State*, the State disagrees that the convictions violated principles of double jeopardy; however, consistent with its position in *Ayers v. State*, the State concedes that the convictions should merge and that Landry should be resentenced.[2]

(3)     Having carefully considered the parties' briefs, the Court concludes, as it did in *Ayers v. State*, that Landry's separate convictions for Aggravated Possession Tier 5 and Drug Dealing Tier 4 were not a violation of his constitutional right not to be subjected to double jeopardy.[3]  The Court further concludes that Landry's claim to the contrary was outside the scope of a motion for correction of sentence under Rule 35(a).[4]

(4)     The Court will remand Landry's case to the Superior Court with instructions to merge the convictions on Aggravated Possession Tier 5 and Drug

---

[2] *Ayers v. State*, 97 A.3d 1037, 1041 (Del. 2014) ("Although Ayers' Double Jeopardy claim lacks merit, the State acknowledges that the two crimes merge for purposes of sentencing.").  In Landry's case, as in Ayers', the same set of facts and cache of cocaine provided the basis for the two charges.

[3] *Id.*

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

Dealing Tier 4.[5]  On remand, the Superior Court should resentence Landry to eight unsuspended years at Level V, in accordance with the parties' plea agreement and the Superior Court's original sentencing plan.[6]  Landry has a right to attend the sentencing and to the assistance of counsel at sentencing.[7]

NOW, THEREFORE, IT IS ORDERED that the denial of the motion for correction of sentence is AFFIRMED in part and REVERSED in part.  This matter is REMANDED to the Superior Court for further proceedings in accordance with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[5] *Ayers*, 97 A.3d at 1042.

[6] *See Merillo v. State*, 2005 WL 2475725, at *2 (Del. Aug. 16, 2005) (citing *White v. State*, 576 A.2d 1322, 1328 (Del. 1990)).

[7] *Jones v. State*, 672 A.2d 554, 555–56 (Del. 1996).