# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA COLLINS, | § | |
| | § | No. 153, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0911013039 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 22, 2016
Decided: September 23, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 23rd day of September 2016, having considered the parties' opening and answering briefs[1] and the Superior Court record, it appears to the Court that:

(1)    The appellant, Joshua Collins, filed this appeal from the Superior Court's order dated March 10, 2016, denying his motion seeking a correction of sentence under Superior Court Criminal Rule 35(a) and a reduction of sentence

---

[1] The Court has not considered the appellant's reply brief, which raised claims that were neither raised in the Superior Court in the first instance nor in the appellant's opening brief. *See* Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."); *id.* 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *id.* 14(c)(i) ("Appellant shall not reserve material for reply brief which should have been included in a full and fair opening brief.")

under Superior Court Criminal Rule 35(b). After careful consideration, we reverse the Superior Court's denial of a correction of sentence and remand for resentencing. We affirm the Superior Court's denial of a reduction of sentence.

(2) Collins was indicted in January 2010 for nineteen drug and weapons offenses including one count of Trafficking in Heroin. On March 30, 2010, Collins pled guilty to four offenses, including Trafficking in Heroin, in exchange for the State's dismissal of the other charges in the indictment. In accordance with the parties' request for immediate sentencing and their sentence recommendation, the Superior Court sentenced Collins, on March 30, to a total of forty-one years at Level V imprisonment suspended after eight years mandatory for six months at Level IV home confinement or work release followed by five and one-half years of concurrent Level III probation. When sentencing Collins for Trafficking in Heroin, the court imposed twenty years at Level V suspended after three years for two years of probation. Collins did not appeal the guilty plea or sentence.

(3) On November 24, 2015, Collins filed a motion seeking a correction of sentence under Rule 35(a) and for consideration of a reduction of sentence under Rule 35(b). Specifically, under Rule 35(a), Collins sought a correction of the Level III probation imposed for Trafficking in Heroin, arguing that the two years imposed in the sentence exceeded the statutory maximum. Under Rule 35(b), Collins asked

2

the court to consider deeming the Level V part of his sentence completed to allow him to begin serving the Level IV portion of the sentence.

(4)    Rule 35(a) is narrow in scope, serving only to permit correction of an illegal sentence.[2]  A sentence is illegal if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, or is not authorized by the judgment of conviction.[3]  The Superior Court can grant relief under Rule 35(a) "at any time."[4]  Rule 35(b), on the other hand, allows the Superior Court to reduce a sentence in an exercise of the court's discretion.[5]  A motion for reduction of sentence must be filed within ninety days of sentencing.[6]  After ninety days, the court will consider a motion for reduction of sentence only in "extraordinary circumstances."[7]

(5)    In this case, the Superior Court denied Collins' motion for correction and reduction of sentence after finding that the sentence imposed was appropriate, and that Collins had not demonstrated extraordinary circumstances.  This appeal followed.

---

[2] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[3] *Id.*

[4] *Id.*  Del. Super. Ct. R. 35(a).

[5] *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002).

[6] Del. Super. Ct. R. 35(b).

[7] *Id.*

(6)     In an appeal from a decision under Rule 35, we review questions of law *de novo* and otherwise review the Superior Court decision for abuse of discretion.[8] On appeal in this case, Collins contends, the State concedes, and we agree, that the Superior Court erred when imposing two years of Level III probation for Collins' Trafficking in Heroin conviction.  By statute, 11 *Del. C.* § 4333(b)(2) limits the period of probation for a title 16 offense such as Trafficking in Heroin to eighteen months.[9]  To the extent the Superior Court imposed two years of Level III probation for Trafficking in Heroin, the court imposed an illegal sentence.

(7)     We will reverse the Superior Court's denial of Collins' motion for correction of sentence and will remand this matter for resentencing.  Collins is entitled to be represented by counsel and to be present with counsel when he is resentenced.[10]  We affirm the denial of Collins' motion for reduction of sentence for the reasons given by the Superior Court in the March 10, 2016 order.  Collins filed the motion more than ninety days after sentencing and did not show extraordinary circumstances warranting a reduction of the sentence.[11]

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is REVERSED in part and AFFIRMED in part. This matter is REMANDED to the

---

[8] *Jackson v. State*, 2016 WL 4547896, at *2 (Del. Aug. 31, 2016) (citing cases).

[9] 11 *Del. C.* § 4333(b)(2) (Supp. 2016).

[10] *Jones v. State*, 672 A.2d 554, 556 (Del. 1996).

[11] *Supra* note 6.

4

Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ Randy J. Holland
Justice