# IN THE SUPREME COURT OF THE STATE OF NEVADA

FLAVIO MORENO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK,
Respondent,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 71685

**FILED**

DEC 16 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION*

This petition for a writ of mandamus challenges an amended judgment of conviction entered in district court case number C254128 on the grounds that the district court lacked jurisdiction to amend the judgment of conviction and violated petitioner's constitutional right to be present by amending the judgment of conviction without conducting a hearing with him present. We conclude that a writ of mandamus is not warranted.[1]

The documents petitioner has provided to this court indicate that the district court amended the judgment of conviction to correct a clerical error with respect to the relationship between the sentence in the

---

[1]We deny petitioner's motion to appoint counsel. Further, we will take no action on the motion to waive the filing fee because a filing fee was not charged in this matter. *See* NRS 2.250(1)(d)(3).

16-39145

underlying case (C254128) and another district court case (C252752) so that the judgment conformed with the court's oral pronouncement and the parties' plea agreement as discussed at the sentencing hearing in the underlying case. The district court had jurisdiction to correct the clerical error "at any time." NRS 176.565. And, as the correction did not involve resentencing, alter the sentence orally pronounced in this matter, or alter the relationship between the sentences or increase petitioner's sentence given the judgment of conviction in district court case number C252752, which was entered after the original judgment of conviction in the underlying matter and controlled whether the sentences in the two cases would be served consecutively, petitioner has not demonstrated that the district court was required as a matter of law to hold a hearing with petitioner present before correcting the clerical error. *See id.* (providing that clerical error in judgment may be corrected "after such notice, *if any,* as the court orders" (emphasis added)); *see also United States v. Saenz,* 429 F. Supp. 2d 1109, 1114 (N.D. Iowa 2006) (indicating that defendant's presence is not required under Due Process Clause or applicable federal rule of procedure, for correction of a clerical error in a sentence); *Jones v. State,* 672 A.2d 554, 555 (Del. 1996) (explaining that right to be present at imposition of sentence does not apply when a sentence is corrected to fix a clerical error, referring to state rule with optional notice provision).

Because petitioner has not demonstrated that the district court acted without authority or manifestly abused or arbitrarily and capriciously exercised its discretion, *see Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioner[ ] carr[ies] the burden of demonstrating that extraordinary relief is warranted.");

*Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (explaining when writ of mandamus will issue), we ORDER the petition DENIED.

_____ , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc: Hon. Stefany A. Miley, District Judge
Flavio Moreno
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk