IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DALE GUILFOIL, | § | |
| | § | No. 341, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1407004778 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 17, 2020
Decided: June 10, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    The appellant, Dale Guilfoil, filed this appeal from a Superior Court order dated August 5, 2019, which corrected the sentence imposed in a June 28, 2019 order sentencing Guilfoil for a violation of probation ("VOP"). Because Guilfoil did not timely appeal from the June 28, 2019 order, we conclude that the Court is without jurisdiction to consider Guilfoil's challenges to the Superior Court's determination that Guilfoil violated his probation and the sentence imposed in the June 28, 2019 order. The State has conceded, however, that the Superior Court erroneously entered the August 5, 2019 order without holding a hearing at which Guilfoil had the

opportunity to be present with counsel.[1]  We therefore vacate the August 5, 2019 order and remand to the Superior Court for further proceedings.

(2)    In 2015, a Superior Court jury convicted Guilfoil of Driving a Vehicle While Under the Influence of Alcohol and/or Drugs in violation of 21 *Del. C.* § 4177.[2]  The Superior Court sentenced Guilfoil to fifteen years of incarceration, suspended after six years for one year of probation.  This Court affirmed on direct appeal.[3]

(3)    In June 2019, Guilfoil was charged with violation of probation and conditional release.[4]  At a hearing on June 28, 2019, the Superior Court found Guilfoil in violation of probation and sentenced him to eight years and eleven months at Level V, suspended for one year of the Level IV Crest program, suspended after completion of Level IV Crest for one year of Crest Aftercare.  The court also revoked Guilfoil's conditional release and ordered that he would lose previously earned good time and would serve the balance of the sentence from which he was conditionally released.  The "notes" section of the sentencing order court also

---

[1] Answering Brief at 12.

[2] The sentencing order identified this conviction as Guilfoil's seventh DUI offense, consistent with the highest category in the tiered sentencing structure for repeat DUI offenders.  *See* 21 *Del. C.* § 4177(d)(1)-(8) (establishing sentences for first through "seventh or greater" DUI offenses).  The record reflects that Guilfoil had additional prior DUI offenses.

[3] *Guilfoil v. State*, 2016 WL 943760 (Del. Mar. 11, 2016).

[4] *See* 21 *Del. C.* § 4177(d)(8)-(9) (permitting suspension of a portion of a minimum repeat DUI offender sentence upon the condition that the defendant participates in certain substance abuse programs).

provided that Guilfoil would be required to complete the Key program while at Level V, but did not specify whether that requirement applied to the conditional release revocation or the VOP.

(4)     On July 22, 2019, the Department of Correction ("DOC") sent a letter to the Superior Court advising the court that there was insufficient time in Guilfoil's sentence to allow completion of the Key program while at Level V.  DOC indicated that the Reflections program would provide the substance abuse treatment that the court had ordered, and requested that the court "accept completion of Reflections" instead of Key.  The Superior Court denied the request and on August 5, 2019 issued a corrected VOP sentence order.  Instead of his Level V sentence being suspended for one year of Level IV Crest, under the August 5, 2019 order, Guilfoil would be required to remain on Level V until successful completion of the Key program.  The order noted that "[i]f there is insufficient time to complete the program during the revoked conditional release, the defendant shall finish the Key program pursuant to the violation of probation sentence."

(5)     On August 5, 2019, Guilfoil filed an untimely notice of appeal from the June 28, 2019 sentencing order.  The Senior Court Clerk sent Guilfoil a letter noting that the August 5, 2019 order appeared on the Superior Court docket and instructing Guilfoil to file an amended notice of appeal if he desired to appeal from the August

5 order.  On August 22, 2019, Guilfoil filed an amended notice of appeal from the August 5, 2019 order.

(6)    In his opening brief, Guilfoil argues that his VOP should be reversed because he did not receive a bail hearing in accordance with Superior Court Rule 32.1; he was not provided with copies of the administrative warrant or VOP report; his hearing did not comport with the requirements of *Gagnon v. Scarpelli*;[5] his assigned probation officer was not present at the VOP hearing; the Superior Court judge had a closed mind when sentencing him; he was not in violation of probation; and the counsel who represented him at the VOP hearing provided ineffective assistance.  He also contends that the Superior Court erred by entering the August 5, 2019 corrected sentencing order.

(7)    Guilfoil's failure to file a timely notice of appeal from the June 28, 2019 VOP proceedings precludes this Court's review of his claims challenging the underlying VOP finding.[6]  As noted above, however, the State concedes that the Superior Court erroneously entered the August 5, 2019 order without holding a

---

[5] 411 U.S. 778 (1973).

[6] *See Allen v. State*, 2016 WL 152923 (Del. Jan. 8, 2016) (holding that the Court lacked jurisdiction to "review claims attacking the underlying VOP finding" because the defendant did not file a timely appeal from the original VOP sentence order, but filed an appeal only from a modified VOP sentencing order entered a few months later); *Bey v. State*, 402 A.2d 362, 363 (Del. 1979) (holding that this Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel).

hearing at which Guilfoil had the opportunity to be present with counsel.[7] It appears that the August 5, 2019 order increased the Level V time that Guilfoil would be required to serve, and Guilfoil was not present when the court imposed the sentence. Accordingly, the August 5, 2019 sentencing order must be vacated and this matter must be remanded for further proceedings.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's August 5, 2019 corrected VOP sentencing order is hereby VACATED, and this matter is REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *See id.* (vacating modified order and remanding because the "Superior Court did not give Allen notice or an opportunity to be heard on the DOC's petition to increase the Level V portion of Allen's sentence and to discharge him from further probation"). *See also Jones v. State*, 672 A.2d 554, 556 (Del. 1996) (holding that a defendant has a right to be present when the court imposes an amended sentence that constitutes a substantive legal change in the sentence).