# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMARR CANNON, § 
§
    Defendant Below, § No. 329, 2020
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1706001541 (K)
§
    Plaintiff Below, §
    Appellee. §

Submitted: February 19, 2021
Decided: March 5, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the State's motion to remand, and the record on appeal, it appears to the Court that:

(1)    The appellant, Jamarr Cannon, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. In his opening brief, Cannon argues that his resisting arrest sentence under 11 *Del. C.* § 4214(d)[1] is illegal because he did not have two previous convictions for a Title 11 violent felony.[2]

---

[1] Cannon was not sentenced under § 4214 for his other convictions in Cr. ID No. 1706001541.
[2] At the time of his crime and sentencing, § 4214(d) applied to defendants who had two previous Title 11 violent felonies.

(2)     The State did not file an answering brief, but instead filed a motion to remand.  The State laudably concedes that Cannon was ineligible for habitual offender sentencing under § 4214(d), but argues that he was eligible for habitual offender sentencing under § 4214(b)[3] because he had three previous felony convictions.[4]  The State asks this Court to remand the matter so he can be resentenced under the appropriate provision of § 4214.  Cannon does not oppose the motion to remand.

(3)     We agree that the proper course of action is to remand this matter to the Superior Court.  Upon remand, the Superior Court shall declare Cannon an habitual offender under the appropriate provision of § 4214 and resentence him for his resisting arrest conviction.  Cannon is entitled to the assistance of counsel when he is resentenced.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is VACATED, and the matter is REMANDED to the Superior Court for further action in accordance with this order.  Jurisdiction is not retained.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[3] At the time of his crime and sentencing, § 4214(b) applied to defendants who had three previous felony convictions.

[4] These three felony convictions were set forth in the State's original motion to declare Cannon an habitual offender.

[5] *Jones v. State*, 672 A.2d 554, 556 (Del. 1996).

2