IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LIAM SCHOFIELD, | § | |
| | § | No. 361, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. N1709009074 |
| STATE OF DELAWARE, | § | N1608024954 |
| | § | |
| Appellee. | § | |

Submitted: June 24, 2022
Decided: September 12, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Liam Schofield filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). We affirm the Superior Court's judgment.

(2) In 2017, Schofield pleaded guilty to Carrying a Concealed Deadly Weapon ("CCDW") and Possession of a Firearm in a School Zone ("PFSZ"). The offenses related to an incident during which Schofield was carrying a concealed firearm on or near the Delaware Technical Community College ("Del Tech") campus. The Superior Court sentenced him as follows: for CCDW, to eight years of imprisonment, suspended for one year of Level III probation; and for PFSZ, to

eight years of imprisonment, suspended for one year of Level III probation. Among other conditions, the sentence order prohibited contact with Del Tech except to obtain paperwork or employment and prohibited Schofield's use of social media.

(3) In 2018, Schofield pleaded guilty to possession of a firearm by a person prohibited ("PFBPP") after an administrative search by Probation and Parole officers found a firearm and other items at the residence where Schofield lived with his mother, Carol Schofield. The Superior Court sentenced him to eight years of imprisonment, suspended for three years of Level III probation with GPS monitoring. Among other conditions, the sentence order provided for zero tolerance of possession, custody, or control of firearms, ammunition, or other weapons; prohibited Schofield from living in a residence where firearms were present, even if other residents lawfully possessed such firearms; and prohibited the use of social media. The order also prohibited Schofield from having any unsupervised contact with Carol Schofield.

(4) On three occasions in 2018 and 2019, the Superior Court found Schofield in violation of probation and imposed VOP sentences. During the period from 2018 through mid-2021, Schofield was participating in the court's Mental Health Court. The VOP sentence orders and modified sentence orders entered during this period reflect that the Superior Court was attempting to address concerns about Schofield's mental health and risk to the community while accommodating

2

his interest in having contact with his mother.  Of particular note, at various times the Superior Court modified the prohibition on unsupervised contact with Carol Schofield to entirely prohibit such contact and to entirely eliminate the prohibition, therefore permitting unsupervised contact.

(5)     Then, in July 2021, a probation officer filed a fourth VOP report describing a volatile incident that occurred in June 2021, during which Schofield and Carol Schofield refused to open the door for a home visit by the officer.  The report included a detailed narrative regarding Carol Schofield's negative influence on him, her interference with Schofield's compliance with probation, and her history of supplying him with firearms.  On July 15, 2021, the Superior Court found Schofield in violation of probation and sentenced him as follows:  for PFBPP, to eight years of imprisonment, suspended after six months for decreasing levels of supervision; for CCDW, to eight years of imprisonment with credit for thirty-four days previously served, suspended after six months for decreasing levels of supervision; and for PFSZ, to eight years of imprisonment, suspended after six months for decreasing levels of supervision.  In addition to other conditions, the order prohibited contact with Carol Schofield for sixty days.

(6)     With that background, we arrive at the VOP that is the subject of this appeal.  On September 28, 2021, a probation officer filed a VOP report alleging that Schofield had violated the requirement that he have no contact with Carol Schofield

for sixty days—which had been imposed in the July 15, 2021 VOP sentence order—by sending her seven letters and four tablet messages in July and August 2021, while he was incarcerated. During the VOP hearing, Schofield admitted that he was in violation of his probation based on the letters. At a hearing on October 21, 2021, the Superior Court found Schofield in violation of probation, terminated him from Mental Health Court, and sentenced him as follows: for CCDW, to eight years of imprisonment, suspended after six months for six months of Level IV home confinement, suspended for twelve months of Level III probation with GPS monitoring; for PFSZ, to eight years of imprisonment, suspended for twelve months of Level III probation with GPS monitoring; and for PFBPP, to eight years of imprisonment, suspended for twelve months of Level III probation with GPS monitoring. The sentence order also imposed numerous special conditions, including but not limited to a detailed provision prohibiting direct or indirect contact or communication with Carol Schofield; no contact with Del Tech; zero tolerance for possession of weapons; and no use of social media and the internet.

(7) On November 9, 2021, the Superior Court entered a corrected VOP sentence order. To give Schofield credit for time previously served, the order changed the sentence for CCDW to four years and nine months of imprisonment, suspended after six months for Level IV home confinement, suspended for twelve months of Level III with GPS monitoring. The special conditions remained the same

4

as those imposed in the October 21, 2021 order, except that the November 9, 2021 order added that "Defendant is to have no access to external communications while at Level 5 unless to contact his counsel or authorized by DOC or the Court." Schofield has appealed to this Court.

(8)     On appeal, Schofield contends that the Superior Court could not find him in violation of probation because he was incarcerated when he sent the letters to Carol Schofield.  We find no reversible error.  In a case in which the Superior Court found the defendant in violation of probation and resentenced him because the defendant sent letters from prison to someone with whom the underlying sentence order prohibited him from having contact, this Court held that the Superior Court had "authority to revoke [the defendant's] deferred or unexecuted probationary sentence" because "the Superior Court may revoke a grant of probation before its actual commencement."[1]

(9)     Next, Schofield challenges the circumstances leading to the July 15, 2021 VOP and argues that the July 15, 2021 sentence order should not have prohibited contact with Carol Schofield for sixty days.  Schofield did not appeal

---

[1] *Perry v. State*, 741 A.2d 359, 362 (Del. 1999).  *See also Allen v. State*, 2016 WL 152923, at *1 (Del. Jan. 8, 2016) ("Moreover, to the extent Allen challenges the Superior Court's jurisdiction to issue a VOP finding while Allen was serving the work release portion of his sentence, that claim has no merit.  The Superior Court has the authority to revoke a probationary sentence at any time, even before a defendant begins to serve it."); *Sewell v. State*, 2003 WL 22839962, at *1 (Del. Nov. 26, 2003) (rejecting claim that the Superior Court erred by revoking probationary portion of sentence before he began serving it).

from the July 15, 2021 order, and that order is not the subject of this appeal.

(10)    Schofield also asserts that prohibiting contact with Carol Schofield, as provided in the VOP sentence order that is the subject of this appeal, is excessive and pointless, because he cannot stay away from his mother.  He similarly argues that the imposition of a no-internet condition was excessive and prevents him from completing college or having a job in his chosen profession.  "Appellate review of a sentence is limited to whether the sentence falls within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[2]  "When the sentence is within the statutory limits, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[3]  In addition, the Superior Court "has broad discretion to impose reasonable probation conditions."[4]

(11)    The Superior Court did not abuse its sentencing discretion.  After finding that Schofield was in violation of probation, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[5]  Although Schofield faced more than twenty

---

[2] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[3] *Id.*
[4] *Hartmann v. State*, 2011 WL 1486567, at *1 (Del. Apr. 19, 2011).
[5] 11 *Del. C.* § 4334(c).

years in backup Level V time, the Superior Court sentenced him to six months of incarceration, followed by decreasing levels of supervision. Even with the addition of restrictive conditions, the sentence is within the balance remaining on the original sentence. Moreover, the transcript of the VOP hearing reflects that the Superior Court gave careful consideration to, and explained at great length why it was again imposing, the no-contact order.[6] Among many other considerations, the court (i) observed that it had previously lifted the no-contact order, leading to the volatile June 2021 incident that had resulted in the previous VOP, and (ii) considered a psychological report that said that Schofield's involvement with his mother impeded his ability to accept responsibility for his actions.[7] As to the prohibition on internet use, the docket reflects that Schofield has since been found in violation of probation again and resentenced. That latest sentence does not explicitly set forth a no-internet condition, nor did the administrative warrant related to that later VOP allege that Schofield had violated that condition. Thus, this issue no longer appears to be relevant.

(12) Schofield also argues that the Superior Court erred by entering a "corrected" VOP sentence order on November 9, 2021, without Schofield's appearance in court. That order corrected the October 21, 2021 order by reducing

---

[6] *State v. Schofield*, Crim. ID Nos. 1608024954, 1709009074, VOP Transcript, at 49:1-57:5 (Del. Super. Ct. Oct. 21, 2021).
[7] *Id.* at 54:12-15, 56:5-14.

the Level V sentence imposed for CCDW to four years and nine months, to give Schofield credit for time previously served. The November 9 order also added the following language that did not appear in the October 21 order: "Defendant is to have no access to external communications while at Level 5 unless to contact his counsel or authorized by DOC or the Court."

(13) It is "well established that a defendant has a fundamental right to be present at the imposition of a final sentence following a criminal conviction."[8] "The defendant's presence is not always necessary, however, when a sentence is corrected."[9] The Superior Court may correct clerical errors in its records without notice, if a clerical mistake appears on the face of the record.[10] Although a close call, after careful consideration of the record we conclude that the November 9 order corrected a clerical mistake as to the limitation on Schofield's external communications while at Level V. The transcript of the October 21, 2021 VOP hearing reflects that the sentencing judge stated that Schofield was "to have no contact with Carol Schofield, and that will be a zero tolerance provision *for DOC to oversee his access to and from the facility as appropriate*."[11] The language in the November 9, 2021 order limiting Schofield's external communications while at

---

[8] *Jones v. State*, 672 A.2d 554, 555 (Del. 1996).
[9] *Id.*
[10] *Id.*
[11] *State v. Schofield*, Crim. ID Nos. 1608024954, 1709009074, VOP Transcript, at 58:13-15 (Del. Super. Ct. Oct. 21, 2021) (emphasis added).

8

Level V except to contact counsel or as "authorized by DOC or the Court" is consistent with the sentence imposed by the Superior Court at the hearing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

9